**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

December 12, 2006

**VIA U.S. MAIL**

Alexis Houston
5911 Dorchester Road, Suite 608
Niagra Falls, Ontario L2G7M7

**VIA ELECTRONIC FILING**

Ian C. Doris, Esq.
Assistant County Counsel
One Bergen Plaza, 5th Floor
Hackensack, NJ 07601

Stephen E. Siegrist, Esq.
Murphy & O'Connor, LLP
Commerce Center
1810 Chapel Avenue West, Suite 130
Cherry Hill, NJ 08002-4607

**VIA ELECTRONIC FILING**

Jafer Aftab, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Donna A. Krappa, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

  Re: **Houston v. Trella, et al.**
     **Civil Action No.: 04-1393 (JLL)**

Dear Parties:

  The Court is in receipt of Plaintiff's letter dated October 17, 2006, which was received by the Court on November 3, 2006.

  As Plaintiff is aware, the Court issued an Opinion and Order in connection with the above matter on September 25, 2006. Because Plaintiff asks the Court to review her October 17 letter and "issue an amended order," the Court construes Plaintiff's October 17 letter as a motion for

reconsideration.[1]

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides, in relevant part:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Plaintiff's apparent request for reconsideration was received by the Court well over ten days after entry of this Court's September 25, 2006 Order. Even if the Court were to construe Plaintiff's request for reconsideration as having been made on October 17, 2006, the date on which she claims to have sent the letter, her request is still untimely. Furthermore, the Court notes that Plaintiff provides absolutely no reason for her delay in requesting the Court's reconsideration. As such, Plaintiff's request for reconsideration is deemed untimely, and is hereby denied.

The Court, therefore, need not reach the merits of Plaintiff's request for reconsideration. To the extent that the Court should reach the merits of Plaintiff's request, the Court finds that reconsideration is not warranted in this case. In particular, Plaintiff fails to set forth any matters of fact or controlling decisions of law which were presented to, but overlooked, by this Court. See, e.g., Holten v. Chevron U.S.A., 2002 U.S. Dist. LEXIS 10151, at *4 (D.N.J. May 20, 2002) (stating that motions for reconsideration "may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue."); Scott v. IBM Corp., 2000 U.S. Dist. LEXIS 17979, at *3 (D.N.J. Nov. 29, 2000) (same). Rather, the Court finds that all arguments now raised by Plaintiff were previously raised and already considered by this Court in deciding Defendants' original Motion for Summary Judgment. As a result, Plaintiff's request for this Court's reconsideration of its September 25, 2006 Opinion and Order is denied.

Additionally, to the extent that Plaintiff raises her request for reconsideration on the

---

[1] In reaching its decision, the Court has reviewed Plaintiff's October 17, 2006 letter, as well as an opposition to same submitted by counsel for County Defendants (Sheriff Joel Trella, Warden John Duffy, Captain Patrizze, Sgt. O'Sullivant, Lt. Pecoraro, Lt. Jackson, Officer Arent, Officer Kotcher, Officer Mazza, Obmudsman Moore, Nurse Delores Guida) on November 16, 2006. The Court notes that it is in receipt of Plaintiff's response to County Defendants' opposition, dated November 17, 2006. Plaintiff is advised that pursuant to Local Civil Rule 7.1(i), parties are not permitted to file reply briefs with respect to motions for reconsideration, as a matter of right. According to the Court's file, there is no record that Plaintiff sought, or was given, permission to file a reply brief. Therefore, Plaintiff's reply brief is stricken.

ground that she has obtained "newly discovered evidence," any request for reconsideration must also be denied on such ground.[2] Notably, Plaintiff provides no reason why the documents she sends to the Court by way of her October 17 letter were not previously available or discoverable prior to the Court's September 25, 2006 Opinion and Order. See, e.g., Sanders v. Trinitas Hosp., 2005 U.S. Dist. LEXIS 18985, *8 (D.N.J. Aug. 24, 2005) (stating that "there is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard and the Court may, in its discretion, refuse to consider such evidence."); Lentz v. Mason, 32 F. Supp. 2d 733, 751 (D.N.J. 1999) (denying motion for reconsideration based on newly discovered evidence where moving party did "not provide any reason for their failure to discover this information earlier and to include it in their memorandum in opposition" to the original motion). Accordingly, Plaintiff is not entitled to reconsideration on this ground.

An appropriate order accompanies this letter.

Sincerely,

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[2] To the extent that Plaintiff seeks to submit additional discovery, any such request should be directed toward Magistrate Judge Cecchi.